**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **AIRIAN JOVAN MISURACA**, | Case No. 3:21-cv-00846-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **WASHINGTON COUNTY DETENTION CENTER/JAIL** et al., | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Airian Jovan Misuraca ("Plaintiff"), a self-represented litigant in custody at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging various claims stemming from his pretrial custody at the Washington County Jail ("WCJ"). Presently before the Court is Defendant Trinity Service Group's ("Trinity") Motion to Dismiss. (ECF No. 45.) For the following reasons, the Court denies the motion.

///

///

PAGE 1 – OPINION AND ORDER

**<u>BACKGROUND</u>**

Plaintiff alleges that between September 2020 and May 2021, Trinity, a food-service contractor in WCJ, frequently served him food containing carrots, to which he has a known allergy. Plaintiff alleges that Trinity did not provide alternatives to the foods he could not eat and deprived him of adequate calories to maintain his health and wellbeing. Plaintiff's complaint also included allegations against WCJ, Sheriff Pat Garrett, and Officer Jamie Lake (the "Washington County Defendants"), the substance of which are not relevant to the instant motion and therefore are not recounted here.

Plaintiff initially raised his allegations against Trinity in September 2020 in *Misuraca v. Washington County Detention Center/Jail et al.*, Case No. 3:20-cv-01597-IM ("Case No. 20-1597"). In that case, the Court screened the complaint pursuant to 28 U.S.C. § 1915A, noting, among other things, that Plaintiff had improperly joined numerous, unrelated claims in a single complaint. The Court thus directed Plaintiff to raise any claims against unrelated defendants that did not arise from the same transactions or occurrences in a separate action. In accordance with these instructions, Plaintiff omitted his claims against Trinity in his second amended complaint filed April 9, 2021, effectively dismissing Trinity from Case No. 20-1597.

Plaintiff commenced the instant action on June 3, 2021, reasserting his claims against Trinity. After granting Plaintiff leave to remedy the pleading deficiencies identified during screening, the Court dismissed Plaintiff's amended complaint on December 9, 2021 for failure to state a claim. (ECF No. 16.)

Plaintiff appealed the Court's dismissal. (ECF No. 18.) The Ninth Circuit Court of Appeals ultimately determined that Plaintiff's allegations, liberally construed, were sufficient to warrant an order requiring the defendants to file an answer. (ECF No. 22.) The Ninth Circuit thus reversed

and remanded with instructions to serve the amended complaint. (*Id.*) The mandate issued on September 12, 2022. (ECF No. 23.)

On September 28, 2022, the Court entered a Notice of Lawsuit and Request for Waiver of Service of Summons directed to the Washington County Defendants.[1] (ECF No. 24) The same day, the Court entered an order to issue process and directing service by the U.S. Marshal, instructing Plaintiff to complete and return a summons and U.S. Marshal Instruction form to facilitate service on Trinity.[2] (ECF No. 25.) Plaintiff timely completed and returned the forms as instructed, and the Clerk of Court issued process and forwarded the relevant materials to the Marshal for service on October 24, 2022. (ECF No. 27.)

The Washington County Defendants filed an answer on December 20, 2022. (ECF No. 30) The Court thereafter issued a scheduling order setting pretrial, discovery, and dispositive motion deadlines in this case. (ECF No. 31.) Plaintiff filed a response to the Answer on January 4, 2023. (ECF No. 32.)

On February 15, 2023, Plaintiff filed a motion for partial summary judgment. (ECF No. 33.) In Plaintiff's supporting declaration, he attested:

> The plaintiff issued summons to [Trinity] through the courts U.S. Marshalls [sic].The defendants never replied to the summons or waived their rights. The plaintiff was granted in forma pauperis (IFP) status, the district court is responsible for service of the complaint, which it will usually direct the U.S. Marshall [sic] to carry out.

---

[1] The Washington County Defendants waived service on October 21, 2022. (ECF No. 26.)

[2] The Order also instructed Plaintiff to complete forms for Defendant Diane Jimerez, the former food service director at WCJ. Jimerez is no longer a Trinity employee and has not been served in this action.

(Misuraca Decl. (ECF No. 34) ¶ 9.) The Court discovered upon review of the docket, however, that the Marshal had not filed a service return and receipt for Trinity. Further inquiry revealed that the Marshal had not attempted to serve Trinity in October 2022 as ordered, instead attempting service for the first time in March 2023. (ECF No. 43.) According to the process receipt and return filed on March 15, 2023, the Marshal executed service on Trinity at an address in Fresno, California on March 14, 2023. (*Id.*)

Trinity filed the instant motion on April 4, 2023, urging the Court to dismiss Plaintiff's claims for failure properly to serve Trinity or, in the alternative, for failure to prosecute. (ECF No. 45.) Plaintiff opposes the motion. (ECF No. 49.)

## <u>LEGAL STANDARDS</u>

### I.    Insufficient Service of Process

The Court may dismiss an action for insufficient service of process if the plaintiff violates Rule 4(m). *See* FED. R. CIV. P. 12(b)(5). Rule 4(m) instructs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or *order that service be made within a specified time*." FED. R. CIV. P. 4(m) (emphasis added).

### II.    Failure to Prosecute

The Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order[.]" FED. R. CIV. P. 41(b). The Court must weigh five factors in considering whether dismissal may be appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

2002) (simplified). However, dismissal "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." *Thompson v. Housing Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).

## DISCUSSION

Trinity moves to dismiss Plaintiff's claims, arguing that Plaintiff provided the Marshal with an incorrect service address that resulted in summonses being delivered to an address in California rather than to Trinity's registered agent for the State of Oregon. (Mot. at 3.) Trinity asserts that to date, it has yet to be properly served in this case.

The Court declines to dismiss Plaintiff's claims based on his failure to properly serve Trinity within the time permitted under Rule 4(m). "An incarcerated pro se plaintiff proceeding [*in forma pauperis*] is entitled to rely on the United States Marshal for service of the summons and complaint." *Reed v. Aramark*, No. 2:19-cv-00258-APG-BNW, 2020 WL 8838244, at *1 (D. Nev. June 30, 2020) (citing Fed. R. Civ. P. 4(c)(3)). Therefore, "a marshal's or court clerk's delays or errors constitute 'good cause' to avoid dismissal." *Warren v. Ruffcorn*, No. Civ.00-0721-HA, 2001 WL 34043449, at *1 (D. Or. Sept. 18, 2001) (citing *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1989)). In addition, "where delay in screening plaintiff's complaint consumed the . . . period for service, and an amendment was ordered by the court to cure defects, the time for service is suspended until this court enters an order directing service of the amended complaint." *Warren*, 2001 WL 34043449, at *4.

Here, the Court twice screened and dismissed the amended complaint before the Ninth Circuit reversed and remanded with instructions to serve all defendants. The Court thereafter issued a summons and ordered the Marshal to serve Trinity in October 2022. The Marshal did not attempt service on Trinity at that time, however, and the Court, having issued a scheduling

order after receiving a waiver of service and answer from the Washington County Defendants, overlooked this error until February 2023, when Plaintiff raised Trinity's non-appearance in a partial motion for summary judgment. Plaintiff, who properly aided and relied on the Marshal to effect service, bears no fault for this delay. Indeed, if the Marshal had timely served the amended complaint as ordered, Plaintiff would have had time to correct his service errors and effect service on Trinity's registered agent in Oregon. The Court thus finds good cause to excuse the delay in service and extends the time for serving Trinity by an additional sixty days. *See* FED. R. CIV. P. 4(m) (providing that the court must extend the time for service upon a showing of good cause); *See also Puett*, 912 F.2d at 273 (reversing the district court's dismissal of an action based on the failure to effect service by an *in forma pauperis* plaintiff because "the officers of the court should have effected service" and the U.S. Marshal's attempts to do so were not in accordance with the Federal Rules of Civil Procedure).

In the alternative, Trinity argues that even if service is accomplished, Plaintiff's allegations must be dismissed for failure to prosecute. (Mot. at 3.) Specifically, Trinity alleges that Plaintiff's failure to serve Trinity has caused significant delays—almost three years—since Plaintiff first raised his claims in his initial lawsuit. (*Id.* at 3-4.) Trinity alleges that it has been prejudiced by such delays because no discovery has occurred in this case and "it is unclear what evidence might still exist pertaining to the meals that were allegedly served to Plaintiff" while in pretrial custody at WCJ. (*Id.* at 3.) Trinity thus asserts that Plaintiff's claims should be dismissed because his "unjustified failure to prosecute . . . has served to frustrate Trinity's ability to defend this suit[.]" (*Id.* at 4.)

The five factors do not support dismissing Plaintiff's claims against Trinity. *See Pagtalunan*, 291 F.3d at 642 (requiring consideration of "(1) the public's interest in expedition

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits") (simplified); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (explaining that "[the Ninth Circuit] may affirm a dismissal [for failure to prosecute] where at least four factors support dismissal, or where at least three factors strongly support dismissal") (simplified).

Although "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal[,]" *Pagtalunan*, 291 F.3d at 642 (simplified), at no point has Plaintiff abandoned his prosecution of this case. Indeed, he successfully appealed this Court's dismissal of the amended complaint and has continued his efforts to advance his claims upon remand. Although Plaintiff seemingly took no action against Trinity for a period of months after the summons issued, it appears that he mistakenly believed that Trinity had been served and moved for summary judgment when Trinity failed to appear. Moreover, Plaintiff remained engaged in this litigation between the issuance of the summons and his motion for partial summary judgment, responding to filings by the Washington County Defendants during that period. Given Plaintiff's demonstrated willingness and determination to move this case forward and affording him the benefit of the doubt due to *pro se* litigants, the Court finds that the second, fourth, and fifth factors strongly weigh against dismissal.

Furthermore, Trinity's argument that it has been prejudiced by a three-year delay due to Plaintiff's failure to prosecute his claims is unpersuasive. Plaintiff dismissed his claims against Trinity in accordance with the Court's instructions during the screening process in his initial lawsuit. He soon thereafter renewed his claims in the instant lawsuit, which also was subject to screening and amendment, and Plaintiff ultimately prevailed in the Ninth Circuit after this Court

dismissed the amended complaint. Although this series of events effectively delayed service on Trinity, "[t]he law presumes injury from *unreasonable* delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994) (simplified); *see also Pagtalunan*, 291 F.3d at 642 (explaining that "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by unreasonable delays") (simplified). The delay here was not unreasonable given the Court's statutory obligation to screen complaints by *pro se* individuals in custody, Plaintiff's persistent efforts to advance his claims, and service issues unrelated to any failure by Plaintiff. *See Pagtalunan*, 291 F.3d at 642 (explaining that "the risk of prejudice" is related to the plaintiff's reason for the delay). The Court thus cannot find that Trinity has been so prejudiced by delay as to favor dismissal.

///

///

///

///

///

///

///

///

///

///

///

///

///

PAGE 8 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court DENIES Trinity's Motion to Dismiss (ECF No. 45), and ORDERS Plaintiff to effect service on Trinity, through the U.S. Marshal, within sixty days.

The Court thus DIRECTS the Clerk of Court to forward to Plaintiff with this order a summons and U.S. Marshal Instruction form. Plaintiff shall complete the summons and instruction form for defendant Trinity Service Group, Inc., providing the name and address of Trinity's designated agent in Oregon, and return them to the Clerk of Court. An original plus two copies of the summons must be returned.

Upon receipt of the completed summonses and instruction forms by the Court, IT IS ORDERED that the Clerk shall issue process as to Trinity Service Group, Inc., and IT IS FURTHER ORDERED that service of the summons and complaint on defendants shall be made by the United States Marshals Service. Once service is perfected, Trinity must file an answer in accordance with the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED this _21st_ day of June, 2023.

Karin J. Immergut
United States District Judge

PAGE 9 – OPINION AND ORDER