IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AIRIAN JOVAN MISURACA**, | Case No. 3:21-cv-00846-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **WASHINGTON COUNTY DETENTION CENTER/JAIL** *et al.*, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Airian Jovan Misuraca ("Misuraca"), an individual in custody at Snake River Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. §1983 alleging various claims stemming from his pretrial detention at the Washington County Jail ("WCJ"). Before the Court are Defendant Trinity Service Group's ("Trinity") Motion to Compel Discovery and for Sanctions (ECF No. 93 ("Def.'s Mot.")) and Misuraca's Motion to Compel and Motion for Order

PAGE 1 – OPINION AND ORDER

(ECF Nos. 90 ("Pl.'s Mot. I"), 102 ("Pl.'s Mot. II")). For the following reasons, the Court grants Trinity's motion in part, and denies Misuraca's motions.

## BACKGROUND

Misuraca alleges that between September 2020 and May 2021, Trinity, a food-service contractor in WCJ, frequently served him food containing carrots, to which he has a known allergy.[1] Misuraca further alleges that Trinity did not provide alternatives to the foods he could not eat and deprived him of adequate calories to maintain his health and wellbeing. Misuraca's complaint also includes allegations against WCJ, Sheriff Pat Garrett, and Officer Jamie Loke (the "Washington County Defendants"), concerning prolonged periods of segregation and isolation during the Covid-19 pandemic.

The Court screened and ultimately dismissed Misuraca's amended complaint for failure to state a claim on December 9, 2021. (ECF No. 16.) Misuraca successfully appealed the Court's dismissal, and the Ninth Circuit remanded the case with instructions to serve the amended complaint. (*Id.*) The Washington County Defendants waived service on October 21, 2022 (ECF No. 26), and, after several service issues, the U.S. Marshal served Trinity on July 12, 2023 (ECF No. 69). The Court thereafter ordered the parties to complete discovery by December 11, 2023 (ECF No. 65).

On November 3, 2023, Trinity served Misuraca with written discovery requests, including thirteen interrogatories and eleven requests for production. (Decl. of Vicki M. Smith (ECF No. 94) ("Smith Decl.") ¶ 2, Ex. 1.) Trinity also sought and was granted leave to depose

---

[1] Misuraca also claims that Diane Jimerez, the food service director at WCJ during the relevant period, continuously served him foods to which he was allergic. However, Jimerez has not appeared in this action because she has not been served.

Misuraca, and the Court extended the discovery deadline to accommodate the deposition. (ECF Nos. 82, 83.)

On December 29, 2023, Trinity received Misuraca's responses to its written discovery requests.[2] (Smith Decl. ¶ 3.) Misuraca asserted a variety of objections and otherwise declined to fully answer Trinity's interrogatories because "information was denied by Defendants in this case when the Plaintiff requested it in his 'interrogatories,' production of documents,' and motion to compel.'"[3] (Smith Decl., Ex. 2 at 2-7.) Misuraca also declined to produce any documents responsive to Trinity's requests for production, again asserting objections and directing Trinity to "see complaints and exhibits on file with this court." (Smith Decl. ¶ 3, Ex. 2 at 7-11.)

---

[2] Trinity claims that Misuraca failed to timely respond to its discovery requests because the deadline to do so expired December 7, 2023. (Def.'s Mot. at 2.) The record reflects, however, that Misuraca signed his responses on December 4, 2023, and he presumably submitted them to prison officials for mailing the same day. (Smith Decl., Ex. 2 at 11; Pl.'s Resp. to Def. Trinity Mot. to Compel (ECF No. 106) at 3.) The Ninth Circuit has applied the mailbox rule to discovery responses, holding that "an incarcerated pro se litigant completes 'service' under Fed. R. Civ. P. 5(b) upon submission to prison authorities for forwarding to the party to be served." *Faile v. Upjohn Co.*, 988 F.2d 985, 988-89 (9th Cir. 1993). In the absence of any evidence that Misuraca did not submit his responses to prison officials until after December 7, the Court accepts Misuraca's allegation that his responses were timely. *See id.* (explaining that "[w]hen a pro se prisoner alleges that he timely complied with a procedural deadline by submitting a document to prison authorities, the district court must either accept that allegation as correct or make a factual finding to the contrary upon a sufficient evidentiary showing by the opposing party").

[3] On July 28, 2023, shortly after Trinity was served in this case, Misuraca filed a motion to compel the Washington County Defendants to produce all documents responsive to his requests for production, explaining that he had submitted his requests on June 7, 2023, "but have not yet received the answers." (ECF No. 66.) The Court denied the motion (and another duplicative motion (ECF No. 74)) as moot because the Washington County Defendants produced specific objections and documents in response to Misuraca's requests. (ECF Nos. 77, 79.) The Court notes that Misuraca's previous motions to compel were directed to the Washington County Defendants, not Trinity, and therefore are not relevant to the instant dispute.

PAGE 3 – OPINION AND ORDER

On January 12, 2024, Trinity sent Misuraca a letter detailing the inadequacy of his discovery responses "in an effort to confer and resolve the discovery dispute[.]" (Smith Decl. ¶ 4, Ex. 3.) The letter noted that Misuraca's objections to Trinity's interrogatories were "largely incomprehensible," and that he had repeatedly referenced "exhibits that are on file with the court" without "specifically identify[ing] which 'exhibits' are being referenced." (*Id.*) The letter further noted that Misuraca's responses to Trinity's requests for production also relied on objections "that have no relevance[,]" and that he had repeatedly insisted that he was "still awaiting the rest of this information" without "identify[ing] any pending requests for said information or from whom[.]" (*Id.*) Trinity thus requested that Misuraca supplement his responses by January 24, 2024, warning that a motion to compel would be forthcoming if he failed to do so. (*Id.*)

Misuraca did not respond to Trinity's letter. (Smith Decl. ¶ 5.) Instead, he filed his own motion to compel on January 30, 2024, requesting a court order compelling the Washington County Defendants to respond to fifteen requests for production. (Pl.'s Mot I at 1, 3.) The Washington County Defendants oppose the motion. (ECF No. 96.)

On February 1, 2024, Defendants deposed Misuraca.[4] (Smith Decl. ¶ 7.) According to Trinity, Misuraca's conduct during the deposition was "extremely obstructive, as he repeatedly refused to follow deposition protocol, interrupted the court reporter and counsel, and refused to answer the questions." (Def.'s Mot. at 3; *see also* Smith Decl., Ex. 4.) In addition, Misuraca acknowledged that he possessed, but had not produced, relevant notes and witness statements that he had taken while still in custody at WCJ. (Smith Decl., Ex. 4 at 11.) When asked if he

---

[4] Trinity initially attempted to depose Misuraca on December 12, 2023, but had to suspend the deposition due to audio issues. (Smith Decl. ¶ 6.)

PAGE 4 – OPINION AND ORDER

would supplement his discovery responses to include the withheld information, Misuraca indicated that he would not, asserting that he cannot disclose "people's personal information[,]" that Trinity "won't give [him] the documents[,]" and that he had "provided all the legal information . . . [that he was] eligible to provide under the law." (*Id.* at 11-15.)

On February 9, 2024, Trinity filed a motion to compel Misuraca to respond to Trinity's Interrogatories 1-3, 9, and 13, and Requests for Production of documents 1-11. (Def.'s Mot. at 2.) In the alternative, Trinity argues that Misuraca's refusal to provide information or documents concerning his alleged injuries or damages warrant terminating sanctions. (*Id.* at 6.) Misuraca opposes the motion. (ECF No. 106.)

On February 13, 2024, Misuraca moved for a court order requiring Defendants "to properly file timely notices" so that he has "has time to respond or prepare for said 'notice.'" (Pl.'s Mot. II at 1.) Neither Trinity nor the Washington County Defendants responded to the motion.

## STANDARDS

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *U.S. ex rel. O'Connell v. Chapman University*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (simplified). Federal Rule of Civil Procedure ("Rule") 26(b)(1) sets forth the general scope of permissible discovery, providing, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope discovery need not be admissible in evidence to be discoverable.

PAGE 5 – OPINION AND ORDER

FED. R. CIV. P. 26(b)(1). The Court must limit discovery, however, if it determines that the discovery sought is outside the scope of Rule 26(b)(1), or if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. P. 26(b)(2)(C)(i).

A party seeking discovery may move the Court for an order compelling answers to interrogatories or the production of requested documents. FED. R. CIV. P. 37(a)(3)(B). "In general, the party seeking to compel discovery must inform the court which discovery requests are the subject of the motion to compel, and, for each disputed request, inform the court why the information sought is relevant and why the objections are not meritorious." *Sarnowski v. Peters*, Case No. 2:16-cv-00176-SU, 2017 WL 4467542, at *2 (D. Or. Oct. 6, 2017) (citing *Weaving v. City of Hillsboro*, No. CV-10-1432-HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011)). Information is "relevant" if it is "reasonably calculated to lead to the discovery of admissible evidence," and district courts have broad discretion in determining relevancy. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

The party opposing discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (first citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); then citing *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)); *see also Yufa v. Hach Ultra Analytics*, No. 1:09-cv-3022-PA, 2014 WL 11395243, at *1 (D. Or. Mar. 4, 2014) (explaining that "[i]f a party elects to oppose a discovery request, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome, or not relevant[,]" and that "boilerplate, generalized objections are inadequate

PAGE 6 – OPINION AND ORDER

and tantamount to not making any objection at all") (simplified). If a party objects to a discovery request, the party seeking discovery on a motion to compel must demonstrate why the objection is not justified. *Weaving*, 2011 WL 1938128, at *1.

## DISCUSSION

I.  **Trinity's Motion**

   A.  **Trinity's Interrogatories**

Trinity seeks to compel Misuraca's responses to Interrogatories 1-3, 9, and 13, which concern basic information about the nature of Misuraca's case, potential expert witnesses, and the identities of the individual WCJ or Trinity staff members who Misuraca allegedly informed about his food allergies. (Def.'s Mot. at 5-6.)

Interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." FED. R. CIV. P. 33(a)(2). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, FED. R. CIV. P. 33(b)(3), and must state the grounds for any objections with specificity, FED. R. CIV. P. 33(b)(4). "A responding party is generally not required to perform extensive research to acquire requested information[,]" but must make reasonable efforts to respond. *L.H. v. Schwarzenegger*, Civ. No. S-06-2042 LKK GGH, 2007 WL 2781132, at *2 (E.D. Cal. Sept. 21, 2007) (simplified). The responding party must supplement his responses if he "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" FED. R. CIV. P. 26(e)(1)(A).

   1.  **Interrogatories 1 and 9**

Interrogatory 1 asks Misuraca to "[i]dentify each and every person" whom he believes has relevant information or knowledge about his claims, to provide "a brief summary of the

PAGE 7 – OPINION AND ORDER

information or knowledge that he or she possesses," and to indicate whether Misuraca intends to call him or her as a witness at trial. (Smith Decl., Ex. 1 at 1-2.) Misuraca returned the following response:

> See exhibits on file with this court. Objection; overbroad and unduly burdensome. To the extent the interrogatory seeks a legal conclusion, it seeks information proted [sic] by privilege including, but not limited to the work product. This information was denied by Defendants in this case when the Plaintiff requested it in his "interrogatories," "production of documents," and "motion to compel."

(Smith Decl., Ex. 2 at 2.)

Interrogatory 9 asks Misuraca to identify and summarize the anticipated testimony of individuals he intends to call as expert witnesses at trial, the material he or she relied on upon in reaching an opinion, and the individual's fee schedule. (Smith Decl., Ex. 1 at 5-6.) Misuraca returned the following response:

> See exhibits on file with this court. Plaintiff objects; this request is overbroad and unduly burdensome, includes materials that may be protected by privilege, including, but not limited to the work product doctrine. These documents are equally available to Defendants through public records.

(Smith Decl., Ex. 2 at 6.)

Misuraca's objections lack merit. Interrogatories 1 and 9 are specific and narrow, and identifying individuals who have information about Misuraca's claims or who may provide expert testimony is not so burdensome as to negate Misuraca's duty to answer. *See L.H.*, 2007 WL 2781132, at *2 (explaining that "if the responding party would necessarily have to gather the requested information to prepare [his] own case, objections that it is too difficult to obtain the information for the requesting party are not honored" (simplified)). Moreover, the work-product doctrine does not apply, *see U.S. v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (explaining the work-product doctrine), and Misuraca does not specify, nor can the Court surmise, how such information would be otherwise privileged.

PAGE 8 – OPINION AND ORDER

In addition, Misuraca cannot avoid his obligation to fully answer Trinity's interrogatories under oath by generically referencing his numerous filings with this Court. *See* FED. R. CIV. P. 33(b)(3) (instructing that an interrogatory "must, to the extent it is not objected to, be answered separately and fully in writing under oath"). Moreover, Misuraca cannot justify his refusal to respond to Trinity's interrogatories as the Federal Rules require by pointing to his previous difficulty obtaining discovery to his satisfaction. *See Livenson v. Rockwell Collins, Inc.*, Case No. 2:20-cv-9578-SB (SKx), 2021 WL 4497501, at *1 n.1 (C.D. Cal. May 29, 2021) (noting that "a party may not withhold discovery solely because it has not obtained to its satisfaction other discovery"). Finally, it is unclear how Trinity could glean information about the identities of Misuraca's expert witnesses or their anticipated testimony from public records.

For these reasons, the Court grants Trinity's motion to compel and orders Misuraca to fully respond to Interrogatories 1 and 9 within thirty (30) days of the date of this order.

### 2. Interrogatories 2, 3, and 13

Interrogatory 2 asks Misuraca to "[i]dentify any and all statements that [he has] taken, given, received, or of which [he has] possession, whether written, oral, or recorded, concerning the events which underlie the allegations" in the complaint. (Smith Decl., Ex. 1 at 3.) Interrogatory 3 asks Misuraca to identify individuals he intends to call as witnesses at trial and to summarize their anticipated testimony. (*Id.*) Interrogatory 13 asks Misuraca to "[i]dentify all 'staff of the defendant' [he] claim[s] to have 'alerted' to the issues in [the] complaint, and the manner in which [he] claim[s] to have 'alerted' them." (*Id.* at 7.)

In response to each of those interrogatories, Misuraca again referred Trinity to "exhibits on file with the court" and indicated his refusal to answer based on his previous difficulty obtaining satisfactory discovery. (Smith Decl., Ex. 2 at 2-3, 7.) As explained above, Misuraca

must make reasonable efforts to fully answer Trinity's questions under oath, and he may not avoid his obligation to do so by making vague references to his filings in this case or by withholding information to compel further production by Defendants. *See* FED. R. CIV. P. 33(b)(3); *Nat'l Acad. of Recording Arts & Scis, Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) (explaining that "discovery is not conducted on a 'tit-for-tat' basis").

Accordingly, the Court grants Trinity's motion to compel and orders Misuraca to fully respond to Interrogatories 2, 3, and 13 within thirty (30) days of the date of this order.

### B. Requests for Production

Trinity moves for a court order compelling Misuraca to fully respond to its Requests for Production 1-11. (Smith Decl., Ex. 1 at 7-11.) Although Misuraca served Trinity with responses to its requests for production, he has thus far refused to produce any responsive documents. (Smith Decl. ¶ 7.)

A party may serve on any other party a request within the scope of Rule 26(b) "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" any designated documents or tangible things "in the responding party's possession, custody, or control[.]" FED. R. CIV. P. 34(a)(1). The responding party must specify in its response that it will produce responsive materials or "state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(a)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(a)(2)(C). "In responding to discovery requests, a reasonable inquiry must be made, and if no responsive or tangible things exist, . . . the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and

exercised due diligence[.]" *Simmons v. Adams*, No. 1:10-cv-01259-LJO-SKO PC, 2013 WL 2995274, at *4 (E.D. Cal. June 14, 2013) (simplified).

### 1.     Requests for Production 1, 4-6, and 8-10

Requests for Production 1, 4-6, and 8-10 seek documents establishing the underlying fact of this case, including documents that Misuraca intends to rely on at trial to support his claims that he has food allergies, that he was served food to which he was allergic, and that he alerted jail staff to the issues set forth in the complaint. (Smith Decl., Ex. 1 at 7-10.) In response, Misuraca again directed Trinity to "see complaints and exhibits on file with this court" and simply stated that he "was denied his 'interrogatories,' 'production of documents,' and 'motion to compel' by Defendants to gain further information." (Smith Decl., Ex. 2 at 7-10.)

As explained above, such responses are insufficient, *see Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1148-49 (9th Cir. 2005) (explaining that "[t]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants . . . [t]hus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues"), and otherwise suggest that Misuraca failed to conduct a "reasonable inquiry" to identify and produce responsive materials in his possession.

Accordingly, the Court grants Trinity's motion to compel and orders Misuraca to serve appropriate responses to Requests for Production 1, 4-6, and 8-10, and to produce any responsive materials in his possession, custody, or control. This means that Misuraca must produce any materials described in Trinity's requests that are in his *actual* possession, custody, or control or that he has a "legal right to obtain on demand," *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citation omitted), and he must explicitly

state if no such documents exist. In addition, if Trinity seeks documents that are not in Misuraca's possession, he "must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response." *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). The Court warns Misuraca that general references to previous filings or blanket refusals without justification will not suffice and may warrant sanctions.

### 2. Requests for Production 2 and 3

Request for production 2 seeks any documents that Misuraca may use at trial that he has "obtained from any party or nonparty to this litigation in response to an informal request, public records request, FOIA request, subpoena deuces tecum, medical or mental health records request, or any open governance law[.]" (Smith Decl., Ex. 1 at 8.), Misuraca responded, as follows:

> Objection; this request is overbroad and unduly burdensome, includes materials that may be protect by privilege—including, but not limited to the work doctrine; ORCP 55H protective orders.

(Smith Decl., Ex. 2 at 8.)

Request for Production 3 seeks "all expert witness documentation for every person [Misuraca] intend[s] to call as an expert witness at trial," including each expert's reports, resume, lists of previous publications and cases in which he or she has testified as an expert witness, and the documentation Misuraca has provided each expert. (Smith Decl., Ex. 1 at 8.) Misuraca returned the following response:

> See exhibits on file with this Court. Objection; this request is overbroad and unduly burdensome, includes materials that may be protected by privilege— including but not limited to the work doctrine.

(Smith Decl., Ex. 2 at 8.)

PAGE 12 – OPINION AND ORDER

Misuraca's objections to Requests for Production 2 and 3 lack adequate specificity and otherwise lack merit. Neither request is overbroad or unduly burdensome, and boilerplate objections, without more, are insufficient to assert a privilege. *See* FED. R. CIV. P. 26(b)(5) (instructing that when a party withholds information by claiming that it is privileged or subject to protection as trial-preparation material, he must expressly make the claims and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"); *see also Burlington N.*, 408 F.3d at 1149 (explaining that "boilerplate objections or blanket refusal inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege"). In addition, Misuraca's objection pursuant to Oregon Rule of Civil Procedure 55H[5] lacks merit because the Federal Rules of Civil Procedure govern this proceeding, not the Oregon rules.

For these reasons, the Court grants Trinity's motion to compel and orders Misuraca to fully respond to Trinity's Requests for Production 2 and 3 within thirty (30) days of the date of this order.

### 3. Requests for Production 7 and 11

Request for Production 7 seeks "any and all documents or things that [Misuraca] ha[s] not previously disclosed and that [he] may use at the time or trial or hearing for purposes of impeachment." (Smith Decl., Ex. 1 at 10.) Request for Production 11 seeks "all documents identified in [Misuraca's] response to Trinity's interrogatories." (*Id.* at 11.) In response,

---

[5] To the extent Misuraca seeks to avoid disclosure due to privacy concerns, the Court notes that a protective order is in place to ensure the confidentiality of the information exchanged in this lawsuit (ECF No. 91).

Misuraca objects that Requests for Production 7 and 11 are overbroad, unduly burdensome, and "impermissibly vague." (Smith Decl., Ex. 2 at 10-11.)

Neither request is overbroad or unduly burdensome. However, the Court is concerned, given Misuraca's pro se status, that Trinity's request for materials that Misuraca may use "for the purposes of impeachment" is less than ideally clear. The Court thus grants Trinity's motion to compel with respect to Request for Production 11 but denies the motion as to Request for Production 7. Trinity may re-serve Request for Production 7 within thirty days, but it must be redrafted in laymen's terms for clarity.

C.     **Sanctions**

Trinity also moves for dismissal sanctions based on Misuraca's repeated failure to respond to discovery requests and the resulting "delay, prejudice to Trinity, congestion in the court's docket, and the likely result that Trinity may never have access to the full facts in this case[.]" (Def.'s Mot. at 6.) However, the Court finds that such motion is premature and that the alternative sought—an order compelling Misuraca to fully respond to Trinity's interrogatories and requests for production—is more appropriate.

Although Misuraca has repeatedly failed to provide adequate responses to Trinity's discovery requests,[6] it appears that such failures stem from Misuraca's lack of understanding of the discovery process, its purpose, and his obligations to participate and to cooperate with Defendants in good faith to complete discovery. The Court has attempted to clarify and

---

[6] The Court is sensitive to the time and resources Trinity has expended in seeking discovery from Misuraca and its reasonable concern that the full facts of this case may prove elusive. Although the Court is not prepared to grant terminating sanctions at this time, the Court notes that it will entertain a motion for leave to again depose Misuraca if Trinity deems it necessary.

emphasize those obligations here. If Misuraca nevertheless refuses to comply with this order and continues to withhold discoverable information or materials without justification, raise frivolous objections, or otherwise attempt to avoid fully cooperating in discovery, Trinity may then move for dismissal. *See Conn. Gen. Life v. Providence*, 482 F.3d 1091, 1096 (9th Cir. 2007) (explaining that "[o]nly willfulness, bad faith, and fault justify terminating sanctions"); *see also Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115-16 (9th Cir. 2004) (explaining that district courts must first consider lesser sanctions, such as ordering the offending party to comply with the moving party's discovery requests, before imposing the "drastic remedy" of dismissal). The Court thus warns Misuraca that he must comply with Trinity's discovery requests in good faith as set forth in this order or he will be subject to sanctions up to and including dismissal of his claims against Trinity.

## II. Misuraca's Motions

### A. Misuraca's Motion to Compel

Misuraca seeks to compel the Washington County Defendants to respond to fifteen requests for production attached to the motion.[7] (Pl.'s Mot. I at 1-2.) As the Washington County Defendants point out, however, the requests attached to Misuraca's motion are directed to "Defendant Trinity Service Group." (*Id.* at 4.) It is thus unclear whether Misuraca intended to direct his motion to compel at Trinity or if he seeks to compel the Washington County Defendants' responses to the discovery requests directly solely to Trinity.

---

[7] Misuraca's motion specifies that he seeks to compel the Washington County Defendants' responses to only requests for production 1-15, but he also attaches nineteen interrogatories to the motion. It is unclear if Misuraca also seeks to compel responses to the interrogatories.

PAGE 15 – OPINION AND ORDER

To the extent Misuraca seeks to compel the Washington County Defendants' response to the discovery requests attached to the motion, the Washington County Defendants are not obligated to answer discovery requests directed only to Trinity. In addition, the Washington County Defendants have responded to Misuraca's discovery requests and attest that they are continuing to produce responsive documents in accordance with their ongoing discovery obligations. (*See* Washington Cnty. Defs.' Resp. to Pl.'s Mot. (ECF No. 96) at 2.) Misuraca presents no evidence to the contrary.

To the extent Misuraca intended to compel Trinity's response to his discovery requests, it appears that Misuraca failed to properly serve Trinity with those requests. Misuraca attests that he served the attached discovery requests on June 7, 2023, over a month before Trinity was properly served by the USMS, and there is no evidence that Misuraca again attempted to serve his discovery requests after Trinity answered the amended complaint in August 2023 (ECF No. 70). For these reasons, the Court denies Misuraca's first motion to compel (ECF No. 90).

B. **Misuraca's Motion for Order**

Misuraca seeks a court order requiring all defendants "to properly file timely notices upon the Plaintiff." (Pl.'s Mot. II at 1.) Although the motion is unclear as to the exact nature and scope of Misuraca's request, it appears from his supporting declaration that he did not receive the Defendants' notice of deposition until the day after his deposition occurred due to mail service delays. (Decl. of Airian Misuraca (ECF No. 103) at 2.) Because Defendants have not requested leave to further depose Misuraca, the Court denies as moot Misuraca's second motion to compel. The Court nevertheless reminds all parties that they are expected to abide by all notice requirements as set forth in the Local Rules and the Federal Rules of Civil Procedure for the remainder of this case.

## CONCLUSION

Based on the forgoing, the Court GRANTS Trinity's Motion to Compel and for Sanctions (ECF No. 93), in part, and ORDERS Misuraca to fully respond to Trinity's Requests for Production 1-6 and 8-11 and Interrogatories 1, 2, 3, 9, and 13, within thirty (30) days of the date of this order. If Trinity intends to amend and re-serve Interrogatory 7, it must do so within thirty (30) days of the date of this order.

The Court DENIES Trinity's request for terminating sanctions but warns Misuraca that if he fails to comply with this order or otherwise participate in discovery, he may be subject to sanctions up to and including the dismissal of his claims against Trinity.

The Court DENIES Misuraca's Motions to Compel (ECF Nos. 90, 102.)

**IT IS SO ORDERED.**

DATED this 28th day of June, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge