IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AIRIAN JOVAN MISURACA**, | Case No. 3:21-cv-00846-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **WASHINGTON COUNTY DETENTION CENTER/JAIL** *et al.*, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Airian Jovan Misuraca ("Misuraca"), a self-represented litigant in custody at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Washington County Detention Center/Jail ("WCJ"); Sheriff Pat Garrett; and Jamie Loke (together, the "Washington County Defendants"); as well as Trinity Service

PAGE 1 – OPINION AND ORDER

Group ("Trinity") and Diane Jimerez[1] ("Jimerez") (together, the "Trinity Defendants"). Misuraca also brings this action against Jon Doe and Jane Doe (together, the "Doe Defendants"). For the reasons stated below, the Court denies Misuraca's Motion for Order to Show Cause (ECF No. 110 ("Pl.'s Mot.")), dismisses Jimerez from this action, and denies as premature Misuraca's Motion for Partial Summary Judgment (ECF No. 33), with leave to refile.

## BACKGROUND

Misuraca filed this lawsuit concerning incidents that occurred while he was a pretrial detainee at WCJ. Misuraca alleges that between September 2020 and May 2021, Trinity, a food-service contractor, and Jimerez, a Trinity employee[2] who served as the Food Service Director ("FSD") at WCJ, frequently served him food containing carrots, to which he has a known allergy. Misuraca also alleges that the Washington County Defendants subjected him to prolonged periods of segregation and isolation during the Covid-19 pandemic.

The Court screened the initial complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, and ultimately dismissed Misuraca's amended complaint for failure to state a claim on December 9, 2021. (ECF No. 16.) Misuraca successfully appealed the Court's dismissal, and the Ninth Circuit remanded the case with instructions to serve the amended complaint. (*Id.*) The mandate issued on September 12, 2022. (ECF No. 23.)

On September 28, 2022, the Court entered an order to issue process and directing service by the U.S. Marshal ("USMS"), instructing Misuraca to complete and return a summons and

---

[1] In his motion and throughout this litigation, Misuraca has refered to Jimerez as "Diane Jimenez." The Court nevertheless refers to Jimerez as she is named in the complaint and on the docket.

[2] Misuraca specifically alleges in the amended complaint that Jimerez "is the F.S.D. *for Trinity Service Group* who works at [WCJ.]" (Am. Compl. (ECF No. 10) at 3.)

PAGE 2 – OPINION AND ORDER

USMS Instruction form to facilitate service on the Trinity Defendants.[3] (ECF No. 25.) Misuraca timely completed and returned the forms, directing the USMS to serve Trinity at an address in Fresno, California, and to serve Jimerez at WCJ. (ECF No. 27.) The Clerk of Court issued process and forwarded the relevant materials to the USMS for service on October 24, 2022. (ECF No. 27.)

On February 15, 2023, Misuraca filed a Motion for Partial Summary Judgment based, in large part, on the Trinity Defendants' failure to appear.[4] (*See* ECF No. 33 at 5 (noting that "defendants herein do not contest or deny any of [Misuraca's stated] facts . . . [n]or have they responded to any of the summons done by the Marshalls [sic] for the U.S. District Court").) After reviewing the motion, the Court discovered that the USMS had not attempted to serve the Trinity Defendants in October 2022 as ordered. Instead, the USMS attempted service for the first time in March 2023. Given the delay and lack of discovery, the Court has extended the briefing schedule , which presently remains pending.

On March 15, 2023, the USMS filed service returns and receipts indicating that service had been executed with respect to Trinity but not Jimerez. (ECF Nos. 43, 44.) The USMS advised that it could not locate Jimerez because she "is no longer employed at the Washington County Jail." (ECF No. 44).

---

[3] The Court issued a Notice of Lawsuit and Request for Waiver directed to the Washington County Defendants the same day. (ECF No. 24.) The Washington County Defendants waived service on October 21, 2022. (ECF No. 26.)

[4] Misuraca's motion also sought summary judgment from the Doe Defendants based on their failure to appear. He did not, however, identify or attempt service on any specific individual who is alleged to be a Doe Defendant in this case.

PAGE 3 – OPINION AND ORDER

On April 4, 2023, Trinity filed a Motion to Dismiss, arguing, among other things, that Misuraca had provided the USMS with an incorrect service address and therefore service was improper. (Mot. to Dismiss (ECF No. 45) at 3.) The Court ultimately found good cause to extend the service deadline pursuant to Federal Rule of Civil Procedure ("Rule") 4(m) and denied the motion. (ECF No. 61.) The Court noted in its order that Misuraca still had not served Jimerez. (*Id.* at 3 n.2.)

Misuraca subsequently completed and returned a second summons and USMS Instruction form for Trinity and Jimerez. With respect to Trinity, Misuraca instructed the USMS to serve Trinity's registered agent in Salem, Oregon. (ECF No. 63 at 3.) As to Jimerez, however, Misuraca again directed service at WCJ, noting that it was "the only address . . . give[n] to [him] by defendants in this case" and that "[t]he Jail should have [Jimerez's] personal address on file or Trinity Service Group Agent Oregon." (ECF No. 63 at 6.) On August 1, 2023, the USMS filed process receipts and returns indicating that service was executed as to Trinity on July 12, 2023, but that Jimerez again was not served. (ECF Nos. 68, 69.)

On August 2, 2023, Trinity filed an answer to the amended complaint. (ECF No. 70.) In the answer, Trinity denied Misuraca's allegation that Jimerez is the FSD for Trinity at WCJ and denied having "information sufficient to form a response" as to whether she held that position during the events alleged in the amended complaint. (*Id.* at 2.) Despite the suggestion that Jimerez was not in fact a Trinity employee as Misuraca alleged, he did not seek confirmation from Trinity, nor did he inquire with the Washington County Defendants as to Jimerez's employment status.

Approximately six months later, on February 12, 2024, Misuraca moved for default judgment, arguing that Jimerez has not "responded to any of the summons done by the [USMS] .

PAGE 4 – OPINION AND ORDER

. . [or] any of the plaintiff's request[s] for production, interrogatories." (ECF Nos. 97, 98 at 1.) The Court denied the motion as premature because Misuraca had not moved for the entry of default, but noted that the unexecuted process receipts filed by the USMS made clear that Jimerez has not been served in this case. (ECF No. 105 at 3-4.) The Court thus ordered Misuraca to show cause in writing why Jimerez should not be dismissed from this action for lack of service. (*Id.* at 4.)

Misuraca timely filed a response, arguing that he has made a good faith effort to serve Jimerez and should not be "punished" for his failure to perfect service. (ECF No. 110.) Misuraca instead seeks a court order requiring Jimerez to appear within twenty days or, in the alternative, asks the Court to "hire, at state expense, a private investigator . . . to track down" Jimerez. (*Id.* at 5.)

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), a defendant must be served "within 90 days after the complaint is filed[.]" The service deadline set forth by Rule 4(m) "is designed to force parties . . . to be diligent in prosecuting their cause of action." *Golf Sav. Bank v. Walsh*, No. 09-973-AC, 2010 WL 3222112, at *2 (D. Or. Aug. 13, 2010) (citing *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987)). If a plaintiff fails to serve a defendant within the time allotted, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

However, Rule 4(m) provides "two avenues for relief" if a plaintiff misses the service deadline. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). "The first is mandatory" and requires the district court to "extend time for service upon a showing of good cause." *Id.* (simplified); FED. R. CIV. P. 4(m) (instructing that "if the plaintiff shows good cause for the

PAGE 5 – OPINION AND ORDER

failure, the court must extend the time for service for an appropriate period"). "Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect." *Lemoge*, 587 F.3d at 1198 n.3 (citing *In re Sheehan*, 253 F.3d 507, 512, 514 (9th Cir. 2001)) "Excusable neglect can rise to the level of good cause and force a mandatory extension of time when accompanied by actual notice, lack of prejudice to the defendant, and severe prejudice to the plaintiff." *Walsh*, 2010 WL 3222112, at *3. The "good cause" exception to Rule 4(m) thus "applies only in limited circumstances and is not satisfied by inadvertent error or ignorance of the governing rules." *Coley v. Baca*, No. CV09-8595 CAS (AJW), 2011 WL 651457, at *2 (C.D. Cal. Jan. 11, 2011) (simplified), *report and recommendation adopted*, 2011 WL 641686 (C.D. Cal. Feb. 11, 2011).

"The second [avenue for relief under Rule 4(m)] is discretionary" and allows the district court, in the absence of good cause, to "extend time for service upon a showing of excusable neglect." *Lemoge*, 587 F.3d at 1198 (simplified). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Srv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

Rule 4(m) therefore "requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint" *In re Sheehan*, 253 F.3d at 512. The district court must first determine if good cause exists and, if so, extend the time for service as Rule 4(m) requires. *Id.* Then, if there is no good cause, "the court has the discretion to dismiss without prejudice or to extend the time period" as appropriate. *Id.*

///

**DISCUSSION**

Nearly two years after the Ninth Circuit remanded this case, and long after the Rule 4(m) service deadline expired, Jimerez still has not been served. (Pl.'s Mot. at 1.) Thus, having provided Misuraca with notice, the Court must determine whether an extension of time to serve Jimerez is mandated or otherwise appropriate pursuant to Rule 4(m).

Misuraca argues that his complaint against Jimerez should not be dismissed, largely blaming the USMS, the Washington County defendants, and Trinity for his service failures. (*Id.* at 2-3.) Misuraca asserts that he is entitled to rely on the the USMS to effect service, and that the USMS could have "easily" located Jimerez by "checking with her places of work at [WCJ] and Trinity[.]" (*Id.* at 2.) Misuraca further claims that even if the USMS attempted to locate Jimerez as instructed, the Washington County defendants and Trinity presumably "refused to cooperate . . . in divulging her whereabouts" because they have consistently refused Misuraca's requests "to release out documents including addresses[.]" (*Id.* at 2-3.) Misuraca thus argues that he has "tried everything in his power" to serve Jimerez and speculates that she has fled the state or "kept [her]self concealed" to avoid service. (*Id.* at 1.)

Misuraca has failed to establish good cause. Upon the Court's examination of the record in light of the factors set forth above, it is evident that Jimerez has not received actual notice of this lawsuit. Despite Misuraca's assertions to the contrary, there is no evidence that Jimerez is aware of this lawsuit, much less that she is actively attempting to avoid service by fleeing or hiding. In addition, Jimerez would be prejudiced if required to appear at this late stage of the litigation. Almost two years have elapsed since the Ninth Circuit remanded this case, and the Trinity and the Washington County Defendants have nearly completed discovery and will soon file dispositive motions. *See, e.g., Khalafala v. Crowther*, No. CV-09-1148-PHX-ROS (JRI),

2011 WL 5974627, at *3 (D. Ariz. Oct. 26, 2011) (finding that the unserved defendant would be prejudiced because "if eventually served, [he] would be brought into litigation in which all deadlines either are expired or soon will be"), *report and recommendation adopted*, 2011 WL 5974537 (D. Ariz. Nov. 29, 2011).

More importantly, however, Misuraca's limited attempts to serve Jimerez do not demonstrate diligence, and the delay appears to be attributable to simple, rather than excusable, neglect. Although it has been almost a year since the USMS notified Misuraca that his second attempt to serve Jimerez was unsuccessful, he has made no further efforts to locate or serve Jimerez. Although Misuraca is correct that he is entitled to rely on the USMS for service of the summons and complaint, he must provide the "the necessary information to help effectuate service" and must "attempt to remedy any apparent service defects of which [he] has knowledge." *Puett v. Blandford*, 912 F.2d 270, 274-75 (9th Cir. 1990). Where service "cannot be accomplished due to the plaintiff's neglect or fault, such as failing to provide sufficient information to identify or locate the defendant, and [he then] fails to remedy the situation after being put on notice, dismissal is appropriate." *Coley*, 2011 WL 651457, at *2 (simplified); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (affirming district court's dismissal of claims against an unserved defendant because the plaintiff "did not prove that he provided the marshal with sufficient information" to effect service), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Puett*, 912 F.2d at 276 (vacating dismissal pursuant to Rule 4(m) and remanding for proper service by the USMS where the record indicated that lack of timely service "was certainly not due to [the plaintiff's] neglect" because "[h]e conscientiously took numerous steps to ensure that the defendants would be served").

PAGE 8 – OPINION AND ORDER

The Court's review of the record indicates that Misuraca's failure to timely serve Jimerez ultimately stems from his inaction rather than a breach of duty by the USMS.[5] Misuraca twice failed to provide sufficient information to enable the USMS to serve Jimerez, directing service at WCJ even after he had received notice that Jimerez no longer worked at that address. (ECF No. 44, 63s.) Misuraca nevertheless suggests that the USMS could have "easily" found and served Jimerez "by checking with her places of work" at WCJ or Trinity. (Pl.'s Mot. at 2.) However, "neither the [USMS] nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit[,]" *Long v. Gray*, No. CV 20-00097 PHX SMB (CDB), 2021 WL 2270019, at *2 (D. Ariz. Apr. 28, 2021) (simplified), *report and recommendation adopted*, 2021 WL 2262543 (D. Ariz. June 3, 2021), and in any event, WCJ apparently did not provide the USMS with a forwarding address, and Trinity did not employ Jimerez as Misuraca alleges.[6] (*See* Def. Trinity Srv. Group, Inc.'s Answer (ECF No. 70) at 2 (denying that Jimerez is the FSD for Trinity at WCJ and noting that it lacked "information sufficient to form a response as to whether [Jimerez] was the FSD 'at all times mentioned in this complaint'").)

In addition, Misuraca's suggestion that the Washington County Defendants and Trinity are partially responsible for his failure to timely serve Jimerez is unpersuasive. Although Misuraca insists that those defendants have refused to "release out" various documents, "including addresses," during the discovery process, the record makes clear that the

---

[5] The Court excluded from its consideration the period of delay from October 2022 until March 2023, which, as explained above, was due to the USMS's failure to attempt service as ordered.

[6] It also appears, given the inconsistent use of "Jimerez" and "Jimenez" throughout the pleadings and motions in this case, that Misuraca may not have provided the USMS with the correct name of the individual to be served.

PAGE 9 – OPINION AND ORDER

interrogatories and requests for production Misuraca served did not seek specific information concerning Jimerez's location.[7] (*See*, *e.g.*, Pl.'s Mot. to Compel (ECF No. 66) at 10 (requesting "all recorded addresses for Washington County Detention Center either the defendant Trinity and defendant [WCJ] had on file"); Pl.'s Mot. to Compel (ECF No. 90) at 2 (requesting a "[l]ist of all employees/staff that is/was working for Trinity and/or through [WCJ]" during the relevant time period that included "full names and DPSST #s as well as signatures"). Even after the Court ordered Misuraca to show cause why Jimerez should not be dismissed from this action for failure to timely effect service, he apparently did not seek information concerning Jimerez's location from Trinity or the Washington County Defendants, nor did he renew his efforts to accomplish service. *See Trueman v. Johnson*, 2011 WL 6721327, at *7 (D. Ariz. Dec. 21, 2011) (finding the plaintiff's reason for the delay in service—his inability to locate the defendants—did not support a finding of excusable neglect because he was not "diligent in pursing defendants' addresses through discovery").

In sum, the burden was on Misuraca to provide sufficient information to enable the USMS to serve Jimerez and he twice failed to do so. Despite receiving notice that Jimerez could not be served at the address provided, Misuraca did not provide the USMS additional information about Jimerez, request an extension of time to serve her, or take any additional steps to address or remedy the service defect. Instead, he improperly moved for default judgment six months later, and now asks the Court to facilitate an investigation of Jimerez's whereabouts

---

[7] It does not appear that Misuraca served any defendant with additional discovery requests beyond those originally drafted in June 2023. As the Court explained when it recently denied one of Misuraca's Motions to Compel, (ECF No. 114), Misuraca improperly attempted to serve Trinity with discovery requests before Trinity had been served in this case, and he apparently did not attempt to re-serve the requests after Trinity filed its answer in August 2023.

instead of requesting that information through the discovery process. Because the service failure appears to be due to Misuraca's negligence and inaction rather than a breach of duty by the USMS, and because there is no evidence that Jimerez has received actual notice of this lawsuit, Misuraca has not shown good cause for the delay under Rule 4(m), nor has he shown any other reason why this Court should exercise its discretion to grant him additional time to effect service. Accordingly, the Court will dismiss Misuraca's complaint against Jimerez. Because Misuraca's partial motion for summary judgment largely concerns the Trinity Defendants' alleged failure to appear, and because Jimerez no longer is a defendant to this action, the Court also will deny as premature Misuraca's motion for partial summary judgment and allow him the opportunity to update and refile the motion.

## CONCLUSION

Based on the forgoing, the Court DENIES Misuraca's Motion for Order to Show Cause (ECF No. 110), DISMISSES Defendant Diane Jimerez from this action, and DENIES AS PREMATURE Misuraca's Motion for Partial Summary Judgment (ECF No. 33), with leave to refile an updated motion in accordance with the dispositive motion deadline.

**IT IS SO ORDERED.**

DATED this 6th day of August, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge